UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY HAYWOOD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 15 C 8317 |
| v. ) | |
| ) | Judge Feinerman |
| CHICAGO HOUSING AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT'S
STATEMENT OF INTEREST REGARDING THE INTERPRETATION
OF CONTROLLING STATUTORY AND REGULATORY PROVISIONS**

Pursuant to 28 U.S.C. § 517, the United States Department of Housing and Urban Development ("HUD") submits this statement of its interest in this matter. HUD is an executive department of the United States Government charged, *inter alia*, with assisting public housing agencies that have been established under state and local laws by providing funding to build, operate, and maintain public housing. The Chicago Housing Authority (CHA) receives funding from HUD through an annual contributions contract, and these contributions are subject to HUD's regulations. 42 U.S.C. § 1437c(b). HUD submits this Statement in support of Plaintiff's Response To Defendant's Motion To Dismiss.

**Statement**

The United States Housing Act of 1937, as amended (codified at 42 U.S.C. §§ 1437 *et seq.*) makes clear that "the policy of the United States" is to work closely and collaboratively with state and local governments to ensure that all Americans have access to affordable housing. 42 U.S.C. § 1437(a)(1). Specifically, the Act describes that policy as being to "employ[] the funds and credit of the Nation . . . to assist States and political subdivisions of States to remedy

the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families." 42 U.S.C. § 1437(a)(1)(A). Accordingly, the Act authorizes HUD to provide funding to local public housing agencies (PHAs) for both the construction and operation of low-income housing. *See* 42 U.S.C. §§ 1437c(a),1437g. These federal subsidies permit PHAs to charge below market rent to eligible low income tenants.

While local PHAs administer the public housing projects financed under the Act, they are subject to extensive federal regulation. In particular, PHAs are required to operate public housing in compliance with provisions of the Act that regulate the calculation of rent to be paid by the tenant families. *See* 42 U.S.C. § 1437a.

At issue is the section of the Act that establishes the maximum amount that low-income families shall pay as rent, 42 U.S.C. § 1437a(a)(1). Also at issue is the definition of "rent," and specifically, whether rent includes the reasonable cost of utilities. The CHA alleges that the maximum rent payable by tenants does not include utility payments that are made directly by the tenants to third-party utility companies. *See* Defendant's Memorandum of Law in Support of its Motion to Dismiss (Dkt. 30) at 11, 19. However, it has been the long-standing position of HUD that, whether a housing provider (either a public housing agency such as CHA or a private property owner who provides housing under the Section 8 program) supplies the utilities or the tenant purchases them directly from an outside source, the gross rent is defined to include an allowance for utilities. In other words, rent equals shelter plus utilities. This is a reasonable interpretation of the statute.

While the Act itself does not define "rent," the Act, in various places, states that the monthly rent "shall include any amount allowed for utilities." Thus, 42 U.S.C. § 1437a(a)(3) provides:

>   (3) Minimum rental amount.
>       (A) Requirement. Notwithstanding paragraph (1) of this subsection, the method for rent determination elected pursuant to paragraph (2)(A) of this subsection by a family residing in public housing, . . . the following entities shall require the following families to pay **a minimum monthly rental amount (which amount shall include any amount allowed for utilities**) of not more than $ 50 per month, as follows:
>           (i) Each public housing agency shall require the payment of such minimum monthly rental amount, which amount shall be determined by the agency . . . .

Thus, where a family living in public housing is paying a minimum rent, the tenant could not be required to pay an additional amount for utilities.

Similar language is found in the Act in the provision for HUD's Section 8 voucher program, (wherein low-income families are provided vouchers to find reasonable housing in the private market), 42 U.S.C. § 1437f(o):

>   (2) Amount of monthly assistance payment. **Subject to the requirement under section 3(a)(3) [42 USCS § 1437a(a)(3)] (relating to minimum rental amount),** the monthly assistance payment for a family receiving assistance under this subsection shall be determined as follows:
>       (A) Tenant-based assistance; rent not exceeding payment standard. For a family receiving tenant-based assistance, **if the rent for the family (including the amount allowed for tenant-paid utilities)** does not exceed the applicable payment standard established under paragraph (1), the monthly assistance payment for the family shall be equal to the amount by which **the rent (including the amount allowed for tenant-paid utilities)** exceeds the greatest of the following amounts, rounded to the nearest dollar:
>           (i)    30 percent of the monthly adjusted income of the family.
>           (ii)   10 percent of the monthly income of the family.
>           (iii)  If the family is receiving payments for welfare assistance from a public agency and a part of those payments, adjusted in accordance with the actual housing costs of the family, is specifically designated by that agency to meet the housing costs of the family, the portion of those payments that is so designated.
>       (B) Tenant-based assistance; rent exceeding payment standard. For a family receiving tenant-based assistance, if **the rent for the family (including the amount allowed for tenant-paid utilities)** exceeds the applicable payment standard established under paragraph (1), the monthly assistance payment for the family shall be equal to the amount by which the applicable payment standard exceeds the greatest of amounts under clauses (i), (ii), and (iii) of subparagraph (A).

These statutory provisions do not make any distinction as to whom the utility payments are made. Consistent with this statutory language, the regulations governing both the Section 8 program and the public housing program reflect HUD's interpretation that "rent" includes utilities, regardless of the entity to whom the utility payment is made.

As evidence that this interpretation has been applied by HUD for at least 40 years, HUD attaches an opinion written in 1977. In addressing the limit on the "gross rent" paid by a low-income family residing in public housing, HUD stated:

> "Where the PHA supplies utilities directly, the gross rent is equal to the 'contract rent.' This constitutes 'the rent charged tenant for use of the dwelling accommodation . . . and <u>reasonable amounts of utilities</u> determined in accordance with the PHA's schedule of allowances for utilities supplied by the project.' (24 CFR 860.403(a)). (Emphasis added). On the other hand, where the tenant purchases utilities directly and the cost of such utilities is not included in the contract rent, the gross rent is defined as the 'contract rent <u>plus</u> the PHA's estimate of the cost to the tenant of <u>reasonable quantities of utilities</u> determined in accordance with the PHA's schedule of allowances for such utiltities . . . (24 CFR 860.403(i)) (Emphasis added).[1]
>
> Thus, whether the project supplies the utilities or the tenant purchases them directly from an outside source, gross rent is defined to include an allowance for utilities. Inasmuch as the gross rent serves as the reference point in the determination of the maximum rent which may be assessed against a tenant, increases in utility rates, as reflected in the PHA's schedule of allowances, should place no added burden on the tenant.

---

[1] 24 C.F.R. 860.403 provided:
(a) Contract rent. Contract rent means the rent charged a tenant for the use of the dwelling accommodation and equipment (such as ranges and refrigerators but not including furniture), services, and reasonable amounts of utilities determined in accordance with the PHA's schedule of allowances for utilities supplied by the project. Contract rent does not include charges for utility consumption in excess of the public housing agency's schedule of allowances for utility consumption, or other miscellaneous charges. This definition of contract rent is not the same as contract rent for purposes of Parts 880 to 889 of Title 24.
Part 860 applied "to all dwelling units assisted under the United States Housing Act of 1937, as amended, in projects owned by or leased to PHAs and leased or subleased by PHAs to tenants." It did not apply to the Section 8 program. 24 C.F.R. § 860.1 (1983).

Attachment A (emphasis in original). In a similar opinion also issued in 1977, HUD said, "PHA's should be informed that 'rent' as used in 24 CFR 860, Part D, is defined in Section 860.403 as 'gross rent', i.e., rent including utility allowances where utilities are provided by the tenant." Attachment B.

CHA admits that HUD historically defined rent to include the cost of utilities, but then erroneously claims that HUD amended this definition.[2] Defendant's Reply (Dkt. 42) at 3-4. CHA's position is incorrect. In 1984, HUD eliminated 24 CFR Part 860 and replaced it with then Part 913. At that time, HUD stated:

> **Historically, the term "rent" under the 1937 Act has been interpreted to mean gross rent, that is, including utilities.** Therefore, when the percentage of income maximum was first imposed by statute in 1969, **the Department took the position that a tenant could pay no more than that percentage for housing costs including utilities, and the practice of utility reimbursements was born.** The change in the statute from one percentage of income ceiling on rents to a choice of the highest of three figures as the rent does not necessitate a change in that practice, and considering the increase in the applicable percentage of income a tenant is required to pay for rent, **the Department chooses not to change its utility reimbursement policy at this time**.
>
> **The Department's position that any tenant payment of utilities is a payment toward "rent"** is further buttressed by Section 221 of the 1983 Act, which provides that for purposes of determining benefits under the Aid to Families with Dependent Children program, any utility payment up to the amount of the utility allowance is to be considered a rental payment.

49 Fed. Reg. 21476 (May 21, 1984) (emphasis added).[3]

---

[2] Curiously, defendant does not provide a citation to the "new" definition of rent that would reflect defendant's interpretation.

[3] Thus, 24 C.F.R. § 913.102 provided the following definitions:

*Tenant Rent.* The amount payable monthly by the Family as rent to the PHA. Where all utilities (except telephone) and other essential housing services are supplied by the PHA, Tenant Rent equals Total Tenant Payment. Where some or all utilities (except telephone) and other essential housing services are not supplied by the PHA and the cost thereof is not included in the amount paid as rent, Tenant Rent equals Total Tenant Payment less the Utility Allowance.

5

In 2000, HUD again amended its regulations. The current regulation addressing this issue is 24 C.F.R. § 960.253(c)(3). It provides: "The income-based tenant rent must not exceed the total tenant payment (§ 5.628 of this title) for the family minus any applicable utility allowance for tenant-paid utilities. If the utility allowance for tenant paid utilities exceeds the total tenant payment," the PHA must pay the excess as a "utility reimbursement" on behalf of the family. The rule provides that the PHA may choose to pay the utility reimbursement either to the family, or directly to the utility supplier for the utility bills on behalf of the family. If the PHA elects to pay the utility supplier, the PHA must notify the family of the amount of utility reimbursement paid to the utility supplier. This regulation is clear; "[T]he rent paid by the low-income family must not exceed the total tenant payment, 24 C.F.R. § 5.628, even if the utility payment is made by the tenant to the utility supplier." 65 Fed. Reg. 16692, 16696 (Mar. 29, 2000).

        Respectfully submitted,

        ZACHARY T. FARDON
        United States Attorney

By:  s/Linda A. Wawzenski
     LINDA A. WAWZENSKI
     Assistant United States Attorney
     (312) 353-1994
     linda.wawzenski@usdoj.gov

---

*Total Tenant Payment.* The monthly amount calculated under § 913.107. Total Tenant Payment does not include charges for excess utility consumption or other miscellaneous charges (see § 966.4 of this chapter).

*Utility Allowance.* If the cost of utilities (except telephone) and other housing services for an assisted unit is not included in the Tenant Rent but is the responsibility of the Family occupying the unit, an amount equal to the estimate made or approved by a PHA or HUD, under Part 965 of this chapter, of the monthly cost of a reasonable consumption of such utilities and other services for the unit by an energy-conservative household of modest circumstances consistent with the requirements of a safe, sanitary, and healthful living environment.

*Utility Reimbursement.* The amount, if any, by which the Utility Allowance for the unit, if applicable, exceeds the Total Tenant Payment for the Family occupying the unit.